UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL COLE, et al.,<br><br>　　　　Defendants. | CASE NO.　C04-5348RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for June 30, 2006 |

　　　　This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on Defendants' motion for summary judgment (Doc. 77), filed on April 5, 2006. After reviewing the motion, Plaintiff's opposition, and the remaining record, the undersigned recommends granting the motion and dismissal of Plaintiff's claims and causes of action.

FACTUAL BACKGROUND

　　　　At all times relevant to this matter, plaintiff, George Swinyer, was an inmate at the Clark County Jail, where he was serving a nine-month sentence, and each of the five defendants named in this matter was employed by the Clark County Sheriff's Office, which is responsible for operating the jail facility.

　　　　It is undisputed that on August 27, 2002, while several officers were walking outside to have a break from their duties, an altercation occurred between Mr. Swinyer and Custodial Officer Michael Cole. According to Plaintiff's account of the incident, Officer Cole charged and grabbed Plaintiff by his throat, shoving him backwards against a wall, shouting to Plaintiff to "go back to where [he] came from...." Plaintiff alleges Officer Cole took this action in retaliation for saying

"jokingly to Cole that [they were] all going to get donuts huh...." Officer Cole released his hold on Plaintiff and proceeded with other officers to exit the facility. Plaintiff stated his account of the incident was complete to the best of his memory, but "things happen so quickly," and he may have forgotten some details.

Plaintiff's Complaint raises two causes of action against the following five named defendants: Michael Cole, Joe Dunegan, William Safianos, Nick Jandreau, and Clark County. First, Plaintiff claims excessive force was used against him by Officer Cole in violation of his Eighth Amendment rights. Second, Plaintiff claims the other custodial officers and the County failed to intercede and protect him from being harmed. Defendants have answered the complaint and now they seek summary judgment. Plaintiff has responded to the motion for summary judgment.

A. SUMMARY JUDGMENT

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56©). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257. Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988).

On review of the record, the court finds Defendants' have met their burden of demonstrating that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Plaintiff has failed in all instances to allege facts sufficient to form a constitutional violation or federally based claim against Defendants in this matter.

B. EIGHTH AMENDMENT'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

To state a claim of cruel and unusual punishment plaintiff must satisfy two requirements: First, the deprivation alleged must be, objectively, "sufficiently serious" . Farmer v. Brennan,

114 S.Ct. 1970, 1977 (1994). Second, "[t]o violate the Cruel and Unusual Punishment Clause, a

prison official must have a `sufficiently culpable state of mind' . . .. [T]hat state of mind is one of `deliberate indifference' to inmate health or safety." Id. (citations omitted).   The threshold inquiry for such a claim is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of force, provided that the force is not of a sort "'repugnant to the conscience of mankind.'" Hudson v. McMillian, 503 S.Ct., 995, 999 (1992).

Several courts have considered force used by custodial officers and determined that such force must be sufficiently serious to rise to the level of an Eighth Amendment violation. *See, e.g.*, Outlaw v. Newkirk, 259 F.3d 833, 839-40 (7th Cir. 2001)(custody officer used *de minimis* force in slamming inmate's hand in cuff-port hatch resulting in pain, swelling and bruising); DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000)(single shove of inmate against door frame, resulting in mild bruising, was *de minimis*); Jones v. City of Dothan, 121 F.3d 1456, 1460 (11th Cir. 1997) (slamming plaintiff against wall and kicking legs apart was *de minimis* use of force); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (guard's twisting inmate's arm and ear, causing bruising, was *de minimis*); Lunsford v. Bennett, 17 F.3d 1574, 1582 (7th Cir. 1994)( *de minimis* force used in striking inmate in head with bucket, causing headaches).

Here, Plaintiff's claims based on the allegation Officer Cole's actions violated the Eighth Amendment are insufficient because the force used by Officer Cole was *de minimis*.  Defendants motion is supported by several declarations made by the Sheriff's Office officials and custodial officers involved with the incident involving Officer Cole and Mr. Swinyer.  Each of these witnesses states that the acts of Mr. Cole were extremely quick, short lived, and did not result in any physical injury to Mr. Swinyer.  Mr. Swinyer did not report any physical injury immediately following the incident and no physical or emotional damage was reported by Mr. Swinyer until over four and a half months after the incident.  In his statement filed in opposition to summary judgment (Doc. 95), Plaintiff appears to agree that Officer Cole's use of force was insignificant,

stating, "Further, even if the assault was of minor force and caused minor injuries, the assault was a result of retaliation against me for free speech.[1]" In sum, the force applied by Officer Cole was *de minimis* and not of constitutional magnitude.

Similarly, Plaintiff's claims against Custodial Officers Jandreau and Sofianos are insufficient. Plaintiff alleges Officer Jandreau and Officer Sofianos, who were with Officer Cole at the time of the altercation, failed to prevent or intercede to protect Plaintiff's rights and liberty interests. Officers can be held liable for failing to intercede when a fellow officer violates the constitutional rights of another, if they had an opportunity to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Here, as explained above, Officer Cole's actions did not amount to a constitutional violation, but more importantly, liability cannot attach the Defendant Jandreau or Defendant Sofianos because they did not have a reasonable opportunity to intercede. By all accounts, Officer Cole's reaction to the comments made by Mr. Swinyer happened quickly and was short lived. By the time the other officers in the jail realized what was happening, Officer Cole had released his hold on Plaintiff and the incident was over.

C. MUNICIPAL LIABILITY UNDER § 1983

Plaintiff names Clark County as a defendant, as well as naming officials in charge of supervising and managing the jail facility.

In order to establish a prima facie case pursuant to 42 U.S.C. §1983, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

---

[1] Plaintiff's claim of retaliation is not alleged or specifically stated in his Amended Complaint, and thus Defendants' motion for summary judgment does not address this claim, raised in his response to the dispositive motion

To state a claim for retaliation, a plaintiff "must allege both that the type of activity he engaged in was protected and that the state impermissibly infringed upon his right to engage in the protected activity." Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). An inmate must show that he or she was retaliated against for exercising constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Barnett v. Centoni, 31 F.3d 813, 186 (9th Cir. 1994).

While Officer Cole's actions were not necessary, Plaintiff's comments, the court does not find the jokes and comments made by Plaintiff the type of conduct or speech a sufficient basis to assert a retaliation claim in this action.

For the above reasons, the court does not address Plaintiff's allegations of retaliation.

In addition, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In addition, a defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a §1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Similarly, to establish municipal liability under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no respondeat superior liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). A municipality may only be liable where its policies are the " 'moving force [behind] the constitutional violation.' " City of Canton v. Harris, 489 U.S. 378, 389, (1989)(quoting Monell at 694).

Here, plaintiff has not provided any facts stating how Defendant Clark County or Defendant Joe Dunegan personally participated in the alleged deprivations, other than in their respective authoritative or supervisory roles. As noted above, a theory of respondeat superior is not sufficient to state a § 1983 claim. Moreover, plaintiff's claims against these defendants are based on the erroneous assumption that plaintiff's constitutional rights were being violated by the other defendants. As discussed above, plaintiff has failed to raise any constitutional violations caused by the other three defendants. Moreover, Defendant Clark County has shown that it does not maintain any policy, practice or custom which allows or permits the improper use of unnecessary or unreasonable force by the Sheriff Office's personnel and jail staff.

## CONCLUSION

Based on the foregoing discussion and a review of the entire record, this court recommends that the District Court conclude that defendants have satisfied their burden of showing that no genuine issues of material fact remain for trial and that they are entitled to

summary judgment. In response to the motion, plaintiff has not raised any genuine issues of material fact to preclude summary judgment. Accordingly, Defendants' motion for summary judgment should be granted and Plaintiff's claims and causes of action should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 30, 2006**, as noted in the caption.

DATED this 9th day of June, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge.